UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER P. MARKS, ) | Case No. 7:19-CV-130-FL |
| Plaintiff, ) | |
| v. ) | **CONSENT ORDER RESOLVING PLAINTIFF'S MOTION TO AUTHORIZE DISCLOSURE AND DISCOVERY** |
| CHARTER COMMUNICATIONS, LLC, ) | |
| Defendant. ) | |

## CONSENT ORDER RESOLVING PLAINTIFF'S MOTION TO AUTHORIZE DISCLOSURE AND DISCOVERY

This matter is before the Court on Plaintiff Christopher P. Marks' ("Plaintiff") Motion to Authorize Disclosure and Discovery (the "Motion to Disclose") (DE 23). In the Motion to Disclose, Plaintiff requested that the Court enter an order compelling Defendant Charter Communications, LLC ("Defendant") to disclose certain personally-identifiable information ("PII") about one of Defendant's purported business subscribers, which PII may be protected by the Cable Communications Privacy Act ("CCPA"), 47 U.S.C. § 551.[1] After Plaintiff filed the Motion to Disclose, the Parties conferred and determined that both Parties' interests in this litigation can be protected without litigating over disclosure of PII, but instead with an order

---

[1] The CCPA provides that, with limited exceptions, "a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator" 47 U.S.C. § 551(c)(1). The CCPA does not define "personally identifiable information;" however, courts have considered the legislative history and interpreted the term to refer to "specific information about the subscriber, or a list of names and addresses on which the subscriber is included." *Scofield v. Telecable of Overland Park, Inc.*, 973 F.2d 874, 876 n.2 (10th Cir. 2004) (citing H.R.Rep. No. 934, 98th Cong., 2d Sess. 79, U.S.Code Cong. & Admin. News 1984, pp. 4655, 4716).

1

anonymizing any of Defendant's business subscribers implicated by Plaintiff's allegations. Absent entry of this Consent Order, Defendant would oppose Plaintiff's Motion to Disclose. Therefore, pursuant to Local Rule 7.1(b)(3), the Parties jointly submit this Consent Order, which resolves Plaintiff's Motion to Disclose.

**WHEREFORE**, the Court finds that:

1. Plaintiff commenced this action on July 18, 2019, alleging claims against Defendant pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Employee Retirement Income Security Act of 1974 ("ERISA), 29 U.S.C. § 1001, *et seq.* (DE 1.) In Plaintiff's First Amended Complaint, he alleges that he used his personal credit card to pay the outstanding balance on the account of one of Defendant's purported business subscribers. (DE 11.)

2. Because admitting or denying certain of the paragraphs in Plaintiff's First Amended Complaint related to the purported business subscriber could have possibly resulted in disclosure of PII protected by the CCPA, and after conferring with Plaintiff's counsel regarding that issue, Defendant objected to those paragraphs in its Answer to the Amended Complaint. (DE 15.)

3. On January 15, 2020, Plaintiff filed the Motion to Disclose and Memorandum in Support, asking the Court to compel Defendant to disclose certain PII regarding the aforementioned business. (DE 23 & 24.)

4. Subsequent to Plaintiff's filing of the Motion to Disclose, the Parties conferred, reached an agreement regarding the relief sought in the Motion to Disclose, and submitted a proposed Consent Order to the Court pursuant to Local Rule 7.1(b)(3).

Accordingly, **IT IS HEREBY ORDERED**:

a. It shall become an established, undisputed fact, and part of the record of this case, that on or about May 6, 2016, Plaintiff used his personal credit card to pay an outstanding bill for Defendant's services associated with a corporate unit owned or otherwise operated by one of Defendant's subscribers.

b. To prevent that business subscriber's CCPA-protected PII from being publicly disclosed, the Parties shall refer to this subscriber as "Subscriber X" and the corporate unit as "Corporate Unit Y" in all future filings, discovery, documentation, evidence, and communications[2] associated with or arising from this litigation.

c. Nothing herein is intended to, nor shall it, limit the scope of discovery in this matter. Accordingly, Plaintiff may pursue all discovery allowed by the Federal Rules of Civil Procedure as to relevant matters concerning the subscriber and the subscriber's cable service account at the corporate unit at issue in Paragraph (a) by referencing "Subscriber X" and "Corporate Unit Y" in his discovery requests. For example, and without limiting the scope of Plaintiff's discovery, Plaintiff may pursue discovery related to the circumstances regarding: (1) the cancellation and restoration of services at Subscriber X's Corporate Unit Y, including by deposing the Regional Manager of Subscriber X, by using the Regional Manager's name, and by asking the Regional Manager to disclose information as necessary to qualify the Regional Manager as a witness in Federal Court; and (2) the importance of the Subscriber X's business account with Defendant. So long as the requests reference Subscriber X and/or Corporate Unit Y, and do not disclose any PII Defendant will not object to such discovery on grounds that it violates the CCPA but otherwise reserves all rights to object to Plaintiff's discovery as allowed by the Federal Rules.

---

[2] As used in this Paragraph, the term, "communications," refers to communications between the parties that would directly or implicitly require Defendant to confirm the name or other PII of a particular subscriber.

d. Plaintiff shall file a Second Amended Complaint within five (5) calendar days after entry of this Consent Order, replacing any references to the subscriber's name with, "Subscriber X."

e. The Clerk of Court shall seal Plaintiff's original Complaint (DE 1) and First Amended Complaint (DE 11) from the public record to protect against any disclosure of any purported subscriber's PII, as is required by the CCPA.

f. Within fourteen (14) calendar days of Plaintiff filing the Second Amended Complaint, Defendant shall file its answer thereto.

**IT IS SO ORDERED**

Dated: February 21, 2020.

HON. LOUISE W. FLANAGAN
UNITED STATES DISTRICT JUDGE

CONSENTED TO BY, this 19th day of February, 2020:

*/s/ Raymond E. Dunn*
Charles J. Cushman (N.C. Bar No. 36170)
ccushman@dunnpittman.com
Raymond E. Dunn (N.C. Bar No. 8739)
rdunn@dunnpittman.com
**DUNN, PITTMAN, SKINNER & CUSHMAN, PLLC**
3230 Country Club Road
P.O. Drawer 1389
New Bern, North Carolina 28563
Telephone: (252) 633-3800
Facsimile: (252) 633-6669

*Counsel for Plaintiff Christopher Marks*

*/s/ Benton L. Toups*
Benton L. Toups (N.C. Bar No. 28910)
btoups@cshlaw.com
**CRANFILL SUMNER & HARTZOG LLP**
101 N. 3rd Street, Suite 400
Wilmington, North Carolina 28401
Telephone: (910) 777-6000
Facsimile: (910) 777-6101

*Local Rule 83.1 Counsel for Defendant Charter Communications, LLC*

*/s/ Paul G. Sherman*
Paul G. Sherman
psherman@kcozlaw.com

4

Shawna M. Miller
smiller@kcozlaw.com
**KABAT CHAPMAN & OZMER LLP**
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
Telephone: (404) 400-7300
Facsimile: (404) 400-7333

*Counsel for Defendant Charter Communications, LLC*